PER CURIAM.
In this workers’ compensation appeal, claimant/appellant raises numerous issues, only two of which we believe require comment.
In computing claimant’s average weekly wage, the Judge of Compensation Claims *1221 (JCC) incorrectly transcribed claimant’s earnings from the payroll records of one of claimant’s employers. Rather than earnings of $1,338.52 from Dickerson of Florida, Inc., claimant actually earned $1,358.52, a difference of $20. This error, which the employer/carrier concede, resulted in an average weekly wage of $269.70 rather than $271.24, and a compensation rate of $179.80 rather than $180.83. As modified herein, we affirm the portion of the JCC’s order setting claimant’s average weekly wage.
Claimant also argues that the JCC erred in requiring her to pay an expert witness fee to appellee, Ina Fletcher-Jones. We find merit in claimant’s argument and reverse on this point.
Section 440.31 Florida Statutes provides in pertinent part:
Each witness who appears in obedience to a subpoena shall be entitled to the same fees as witnesses in a civil action in the circuit court; however, any expert witness, as defined in Rule 1.390(a) of the Rules of Civil Procedure, who shall have testified in any proceeding under this Chapter shall be allowed a witness fee ... in such reasonable amount as the Judge of Compensation Claims may determine. ...
Because the record does not establish that Ina Fletcher-Jones was offered as an expert under Rule 1.390(a), she was only entitled to “the same fees as witnesses in a civil action.” See Chris Boat Yard v. Albury, 8 FCR 201, 203, cert. denied, 292 So.2d 20 (Fla.1974) (employer/carrier not required to pay witness fee to doctor who did not testify or have his reports certified as being in evidence).
Accordingly, we reverse the JCC’s order requiring claimant to pay the expert witness fee. We affirm, as modified, the JCC’s order which set claimant’s average weekly wage.
SHIVERS, C.J., and JOANOS and MINER, JJ., concur.